{¶ 41} I respectfully dissent from the majority opinion.
 {¶ 42} The majority finds Officer Swank initiated a Terry stop when he placed his hand on appellant's arm and asked him to move over to the cruiser to produce identification. Majority Opinion at ¶ 24. The majority concludes Officer Swank possessed a reasonable, articulable suspicion to believe appellant was engaged in illegal drug transactions based upon the totality of circumstances presented to Officer Swank. Majority Opinion at ¶ 26. I disagree.
 {¶ 43} Talking or meeting with a number of individuals, even individuals suspected themselves of drug activity, cannot furnish reasonable suspicion for a Terry stop and frisk. Sibron v. New York
(1968), 392 U.S. 40, 64. Nor may mere proximity to a known drug house coupled with ambiguous behavior establish reasonable suspicion.Ybarra v. Illinois, 444 U.S. 85, at 91. Probable cause and articulable suspicion cannot be based upon guilt by association; a culpable purpose is essential. Id. The mere character and reputation of an area are not sufficient, standing alone, under Terry to constitute a reasonable and articulable basis to suspect criminal activity. A stop in a high crime area without any other factors is insufficient to pass a Terry test.State v. Carter (1994), 69 Ohio St.3d 59; State v. Bobo (1988),37 Ohio St.3d 177.
 {¶ 44} Applying the totality of the circumstances test, I find appellant's engaging of others in conversation in an area known for drug activity insufficient to justify a Terry stop.
 {¶ 45} Officer Swank did not observe the exchange of any item between appellant and those with whom he engaged in conversation. Engaging others in *Page 11 
conversation is ambiguous conduct; the market owner's complaints notwithstanding. Although the multiple conversations and duration of appellant's stay in a known drug area certainly arouses suspicion or a hunch criminal activity may be afoot, I find such are insufficient to meet the Terry standard to justify a stop.
 {¶ 46} Appellee identifies Officer Swank's first direct contact with appellant as occurring when Officer Swank asked appellant to identify himself. Appellee characterizes this as a consensual encounter. Appellee's Brief at p. 6. I agree. Appellee acknowledges appellant had the right not to answer and to walk away. Appellant's Brief at p. 6, citing State v. Daniels, Stark App. No. 2002-CA-00290, 2003-Ohio-2492, at ¶ 22. I again agree.
 {¶ 47} Appellee then references Officer Swank's second request for appellant to produce identification and appellant's response of "No, I'm good" as appellant continued to walk away. It is this conduct upon which appellee and apparently the trial court rely to justify theTerry stop.[1] Appellee cites numerous cases where courts have found "unprovoked flight" by a suspect or other "evasive" activity, when coupled with all other surrounding circumstances, justify aTerry stop. I find appellant was neither evasive nor engaged in an unprovoked flight. Appellant merely continued to walk away and failed to produce identification. If appellant had the right to do so upon the first request for identification as appellee readily concedes, why does the suspect not have the same, continuing right upon the second request? The second request does not change the underlying nature of the encounter from being consensual. Appellant's walking away stands in direct contrast to the defendant's running away which was of crucial import in *Page 12 
our Daniel's decision. Although Officer Swank's suspicions ultimately were proven true, I still find they were merely suspicions at the time of the stop and fail to rise to the level of reasonable and articulable facts sufficient to support a Terry stop.
 {¶ 48} The majority seems to place significance on the fact appellant placed his hands in his pockets as he was walking away. While narcotics and weapons may tend to go hand in hand, concern over officer safety cannot be used to support an otherwise invalid Terry stop. To do so puts the proverbial cart before the horse. Officer safety may justify a pat down for weapons after a valid Terry stop but officer safety was never intended to be used as one of the grounds to justify the stop itself.
 {¶ 49} Accordingly, I respectfully dissent.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The trial court cites Daniels, supra, in support of its decision. *Page 1